18-2737-cr
*United States v. Nicholson*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
                    *Circuit Judges*,
            EDWARD R. KORMAN,
                    *District Judge.**

---

UNITED STATES OF AMERICA,

                *Appellee*,                        18-2737-cr

                v.

ROYDEL NICHOLSON,

                *Defendant-Appellant.*

---

**FOR APPELLEE:**                    Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY.

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**  Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, Rochester, NY.

Appeal from an August 30, 2018 amended judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Roydel Nicholson ("Nicholson") appeals from an August 30, 2018 amended judgment convicting him, following a jury trial, of three counts of mail fraud and one count of international money laundering. The District Court originally sentenced Nicholson principally to 87 months' imprisonment, to be followed by three years of supervised release, and ordered him to pay $145,794 in restitution. We vacated the sentence on the basis of a procedural error stemming from the application of the vulnerable victim enhancement under § 3A1.1(b)(1) of the U.S. Sentencing Guidelines ("Guidelines") and remanded the cause for resentencing. *See United States v. Nicholson*, 739 F. App'x 696, 698–99 (2d Cir. 2018).

On remand, the District Court resentenced Nicholson principally to a below-Guidelines sentence of 60 months in prison, to be followed by three years of supervised release, and $145,794 to be paid in restitution. His advisory term of imprisonment under the Guidelines was 70 to 87 months. On this new appeal, Nicholson only appeals the substantive reasonableness of his sentence of 60 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review the . . . substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). We will set aside a sentence as substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

Nicholson argues that his below-Guidelines 60-month sentence is substantively unreasonable because he was a 65-year-old "victim turned blind-money-mule who was tricked into participating in the Jamaican Lottery Scam," who "was not a sophisticated individual capable of realizing that he was participating in a criminal activity, and [who] did not profit from his participation in the scam." Appellant's Br. at 3. The District Court considered all of these factors in granting Nicholson's request for a non-Guidelines sentence, which also happens to be 15 years lower than the statutory maximum. The District Court explained that the fact that Nicholson was a

2

victim of the scam only highlighted the seriousness of the offense. Specifically, the District Court emphasized that Nicholson continued to participate in the scam after realizing that he was a victim, and "engaged in conduct which resulted in the [third-party] victim in this case losing . . . tens of thousands of dollars." App. at 42. The District Court also noted that the offense was not a "one-time deal" but, rather, involved "repeat conduct." *Id.* at 42–43.

In sum, Nicholson has not borne his "heavy burden" of showing that his sentence is "so 'shockingly high . . . or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *Broxmeyer*, 699 F.3d at 289 (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). Thus, we conclude that, in the circumstances presented, a 60-month sentence is not substantively unreasonable.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Nicholson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 30, 2018 amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court